IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM L. MCDONALD,

    Plaintiff,

      v.

DONALD J. RICCI, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-804-TWT

## OPINION AND ORDER

This is a declaratory judgment action.  It is before the Court on the Defendants'

Motion to Dismiss Due to Lack of Personal Jurisdiction [Doc. 4].  For the reasons

stated below, the motion is GRANTED.

## I. BACKGROUND

The Plaintiff William L. "Larry" McDonald and the Defendant Donald J. Ricci

were equal shareholders in Larry McDonald Properties, LLC ("LMP"), a Florida

limited liability corporation involved in the real estate development business. In 2002,

Larry McDonald was a Florida resident.  According to the Plaintiff, he tried to

persuade Mr. Ricci to join him in the joint purchase of the Quail Ridge property in

Henry County, Georgia.  Mr. Ricci was uninterested.  As a result, McDonald

purchased the land on his own.  According to the Defendants, LMP purchased the

Quail Ridge property, and the Plaintiff then secretly conveyed it to another entity which sold the property to other developers.  The Defendants contend that the profits from the sale of Quail Ridge were diverted from LMP to the Plaintiff personally.

In approximately mid-2003, McDonald sold his one-half interest in LMP to Mr. and Mrs. Ricci for $600,000, to be paid in installments of $5,000 per month over a ten year period.  The Defendants have threatened to suspend the payments unless the Plaintiff gives up the profits from the Quail Ridge property.  The Plaintiff is seeking declaratory relief that his conduct with regards to the property in Georgia did not violate any fiduciary or contractual duties he owed to the Defendants, and damages for breaches of fiduciary and contractual duties.

The parties disagree whether McDonald was a Georgia resident at the time of the sale.  McDonald argues that he was technically a Georgia resident while the sales contract was drafted.  It is undisputed, however, that the sales contract was drafted in Florida.  It involved the sale of interests of a Florida corporation to Florida residents. The Plaintiff had been living in Florida up until the time of the sale, and even if he had technically moved to Georgia at the time, he had done so only a short time before the sale.  The contract was executed in Florida, and called for the application of Florida law.

Although the Plaintiff has listed "several" contacts between the Defendants and Georgia, there are really only two. First, he argues that the Defendants agreed to send payments to the Plaintiff at his Georgia address and continued to do so for some time. Second, he alleges that they sent some correspondence to Georgia, and contacted an accountant about the Georgia property. The Defendants have since filed suit in state court in Florida, and have filed this motion to dismiss for lack of personal jurisdiction. They deny that they have the minimum contacts to be sued in Georgia.

## II.  DISCUSSION

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). This standard is satisfied "if the plaintiff presents enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). In the Eleventh Circuit, a party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ." Walker v. NationsBank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995). Thus, a plaintiff need not conclusively prove the facts necessary for the assertion of personal

jurisdiction.  Rather, she must present enough evidence to create a jury question.  A court must construe the allegations in the complaint as true to the extent that they are not controverted by the defendant.  Morris, 843 F.2d at 492.  Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.  Madara, 916 F.2d at 1514.

A federal court sitting in diversity is bound by the long-arm statute of the state in which it sits.  Charlie Fowler Evangelistic Ass'n v. Cessna Aircraft Co., 911 F.2d 1564, 1565 (11th Cir. 1990); Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002) ("In a diversity action, a federal court has personal jurisdiction over a non-resident defendant to the extent permitted by the forum state's long-arm statute.").  In Georgia, courts are authorized to exercise the broadest scope of personal jurisdiction authorized by the Due Process Clause of the Fourteenth Amendment. Innovative Clinical & Consulting Serv., LLC v. First Nat'l Bank, 279 Ga. 672, 675 (2005) (finding that the statute "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State," but only to the extent permitted by due process). The Georgia Supreme Court's construction of the statute has prompted courts in this District to simply bypass the statutory analysis, and to proceed to the minimum contacts analysis  under the Due

Process Clause.  See, e.g., Exeter Shipping Ltd. v. Kilakos, 310 F. Supp. 2d 1301, 1312 (N.D. Ga. 2004) (foregoing discussion of long-arm statute where it confers jurisdiction to the maximum extent permitted by federal due process requirements); see also McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005) (noting that Eleventh Circuit has interpreted Georgia's long-arm statute, O.C.G.A. § 9-10-91, to confer personal jurisdiction over non-resident defendants to "the maximum extent permitted by due process").  There is no reason in this case not to proceed directly to the due process analysis.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).  Rules regulating the exercise of personal jurisdiction provide a "degree of predictability to the legal system that allows defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Federal courts have recognized two kinds of personal jurisdiction that satisfy the Due Process Clause of the Fourteenth Amendment.  See Helicopteros Nacionales

de Colombia v. Hall, 466 U.S. 408, 415 (1984).  Specific jurisdiction exists when minimum contacts are present that:  (1) are related to the cause of action; (2) involves some act by which the defendant purposefully availed itself of the benefits of the forum; and (3) the conduct is such that the defendant should reasonably anticipate being sued in the forum state.  Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir. 1994).  General jurisdiction, on the other hand, exists where a defendant has continuous and systematic contacts with the forum.  If a forum has general jurisdiction over a defendant, the forum has personal jurisdiction over any cause of action brought against that defendant, regardless of whether the cause of action arises from the defendant's contacts with the forum.  Helicopteros, 466 U.S. at 414; see also Exeter Shipping, 310 F. Supp. 2d at 1312.

In this case, the Court lacks specific jurisdiction over the Defendants.  In short, the Defendants did not purposefully avail themselves of the privilege of conducting business in Georgia.  Two Florida residents purchased interests in a Florida corporation from a former Florida resident, and signed a contract stating that Florida law would control the outcome of any legal disputes.  See Allegiant Physicians Services, Inc. v. Sturdy Memorial Hospital, 926 F. Supp. 1106, 1116 (N.D. Ga. 1996) (Hull, J.) (placing great weight upon parties' choice of law provision when assessing "purposeful availment").  Admittedly, the seller was a Florida resident on his way out

the door.  That he moved to Georgia a few months before the transaction was finalized, however, does not change the fact that the Defendants had no meaningful contacts with Georgia.

The Eleventh Circuit has found jurisdiction proper where a non-resident reaches out and establishes contacts with a Georgia plaintiff.  See, e.g., Complete Concepts, Ltd. v. General Handbag Corp., 880 F.2d 382, 389 (11th Cir. 1989).  This Court places little weight, however, upon the Plaintiff's Georgia residence. It is not as if the Defendants reached out to Georgia in order to sell goods to a longtime state resident.  See Allegiant, 926 F. Supp. at 1114 (noting that great weight is placed upon who initiated the out of state transaction) (citing Francosteel, 19 F.3d at 628).  Rather, the Defendants concluded a sales agreement with their former business partner just as he was leaving the state.

Though payments were mailed to the Plaintiff at his Georgia residence, it is quite a stretch to say that the Defendants purposefully availed themselves of the privilege of doing business in Georgia.  See, e.g., Sea Lift, Inc. v. Refinadora, 792 F.2d 989, 994 (11th Cir. 1986).  Indeed, they did no business in Georgia.  They merely sent payments to the Plaintiff at his Georgia residence.  Although the Plaintiff makes a great deal of the fact that the contract listed the Plaintiff as having a Georgia residence, the contract also made clear that payments would be due anywhere the

Plaintiff moved.  Had McDonald moved to Alaska, he would be hard pressed to convince any court that his receipt of payments there would be enough to confer personal jurisdiction over the Defendants.  The act of sending payments, or even correspondence, is not enough for the Defendants to reasonably anticipate being sued in Georgia.

The Plaintiff also attempts to characterize the sales contract as requiring more than mere payments.  The existence of the contract, however, does not create contacts with the forum.  See Burger King, 471 U.S. at 478-79 (stating that contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts).  The Supreme Court has urged a highly realistic approach that looks to the substance of the contract and the contemplated future consequences. Id.  The Plaintiff argues that the contract guaranteed (1) the Riccis the right to use McDonald as a qualifying agent for two years, (2) that McDonald would pay certain joint venture proceeds, and (3) that the Defendants could use McDonald's personal guaranty on a line of credit.  These additional obligations do not create contacts with Georgia, only with the Plaintiff wherever he is.  More importantly, the Defendants never reached out to the Plaintiff to exercise any of these rights under the contract.  It appears that the only substantive interaction between the parties has been the mailing of payments.

The Plaintiff also argues that the Defendants contacted a Georgia accountant

about McDonald's wrongdoing with regards to the Georgia property.  The Plaintiff has put forth no reason why this "contact" is sufficient enough to confer personal jurisdiction.  Furthermore, the Plaintiff concedes that the only reason the Defendants would have contacted this accountant would be to investigate the Plaintiff's wrongdoing.  It would be odd to allow a Plaintiff's alleged wrongdoing formulate the basis for personal jurisdiction.  In addition, the causes of action do not arise from the Defendants' contact with a Georgia accountant.  They arise out of a breach of duties negotiated in Florida.  Thus, it is irrelevant to a specific jurisdiction analysis.

Finally, the exercise of personal jurisdiction is inconsistent with fair play and substantial justice.  This is a Florida dispute, about a contract drafted and executed in Florida, about a Florida LLC, with a former Florida resident, and it calls for the application of Florida law.  Florida's interests, therefore, weigh quite heavily in favor of denying personal jurisdiction.  Georgia, on the other hand, has only a minimal interest in vindicating the rights of a recent Florida ex-patriot seeking to clarify a contract made with Florida residents.  Forcing the Defendants to litigate in Georgia when the bulk of the parties' dealings focused almost exclusively on Florida does not comport with fair play and substantial justice.

III. <u>CONCLUSION</u>

For the reasons set forth above, the Motion to Dismiss Due to Lack of Personal

Jurisdiction [Doc. 4] is GRANTED.  This action is DISMISSED without prejudice.

SO ORDERED, this 3 day of July, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\07\McDonald\mtdtwt.wpd                     -10-